```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


UNITED STATES OF AMERICA,       )
                                )
          v.                    )     1:15cr301
                                )
JEN SEKO,                       )
                                )
     Defendant.                 )
```

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Jen Seko's ("Defendant" or "Seko") Motion to Suppress Hearsay Declarations by Alleged Co-conspirators [Dkt. 176] and Defendant's Motion to Dismiss the Case Due to Improper Venue [Dkt. 177]. For the following reasons, the Court will deny both of Defendant's Motions.

## I. Background

On October 22, 2015, a grand jury sitting in the Eastern District of Virginia charged the defendant and five others with one count of conspiracy to commit wire fraud and seven substantive counts of wire fraud stemming from an alleged mortgage modification scam. As alleged in the indictment, Defendant and her co-conspirators each played a slightly different role in the overarching scheme. Defendant was allegedly personally responsible for sending mass mailings in the names of fraudulent organizations controlled by members of

1

the conspiracy and posing as or impersonating real government agencies or programs. These mass mailings were allegedly designed to induce the victims to fall for the scam in the first place. The indictment alleges that Defendant's co-conspirators were then responsible for follow-up communications with the victims through various forms of communication including email. Specifically, the wire fraud counts are based on seven email messages sent to the America Online ("AOL") accounts of five victims.

As alleged in the indictment, AOL is headquartered in Reston, Virginia and maintains four computer servers in the Eastern District of Virginia. Every email message to an AOL user passes through one of those four servers, regardless of the end user's physical location. Additionally, those emails are stored, at least temporarily, on one of the four servers.

Each of Defendant's five co-conspirators has since entered a guilty plea. Defendant filed these motions on April 1, 2016. The Government filed their opposition on April 6, 2016. Oral argument was heard on April 14, 2016, and the motions are now ripe for decision.

## II. Legal Standard

Federal Rule of Evidence 801(d)(2)(E) controls the admissibility of co-conspirator statements. Rule 801(d)(2)(E) provides that a statement is not hearsay if it is offered

against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." F.R.E. 801(d)(2)(E).  In order to admit a co-conspirator statement under Rule 801(d)(2)(E), the government must establish by a preponderance of the evidence: (1) that a conspiracy did, in fact, exist; (2) that both the declarant and the defendant were members of the conspiracy; and (3) that the statement at issue was made during the course of, and in furtherance of, the conspiracy.  *United States v. Heater*, 63 F.3d 311, 324 (4th Cir. 1995).  A court may consider an alleged co-conspirator's statements in determining whether the government has proven the existence of a conspiracy between the defendant and the declarant, but those statements alone are not sufficient to establish the existence of a conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *see also United States v. Neal*, 78 F.3d 901, 905 (4th Cir. 1996)(citing *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992)).

Venue in a criminal prosecution is governed by Federal Rule of Criminal Procedure 18, which provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.  The court must set the place of the trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18.  "The Government has the burden of

establishing, by a preponderance of the evidence, that venue is proper." *United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001)(citing *United States v. Blecker*, 657 F.2d 629, 632 (4th Cir. 1981)). The Fourth Circuit has held that under Rule 18, venue is proper in any district where the charged offense was committed. *Id*. The Fourth Circuit has further clarified that venue is only appropriate where "essential *conduct* elements of the offense" have taken place. *United States v. Bowens*, 224 F.3d 302, 309 (4th Cir. 2000). Accordingly, when determining where venue is proper, a court must "identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). For some crimes, "[t]he inquiry into the place of the crime may yield more than one appropriate venue, . . . or even a venue in which the defendant has never set foot." *Bowens*, 224 F.3d at 309. Additionally, "in a conspiracy charge, venue is proper for all defendants wherever the agreement was made or wherever any overt act in furtherance of the conspiracy transpires," even if that act was committed by a co-conspirator rather than the defendant herself. *Id.* at 311 n. 4 (citing *Hyde v. United States*, 225 U.S. 347, 356-67 (1912)).

Federal Rule of Criminal Procedure 21(b) allows a court to transfer a criminal proceeding to another district "for

4

the convenience of the parties and witnesses and in the interests of justice." Fed. R. Crim. P. 21(b). Here it is the defendant who bears the burden of demonstrating inconvenience, and "[t]he decision whether to transfer a case is committed to the sound discretion of the district court." *United States v. Heaps*, 39 F.3d 479, 482 (4th Cir. 1994), *abrogated on other grounds by United States v. Cabrales*, 524 U.S. 1 (1998); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981). Transfer is appropriate under Rule 21(b) if the defendant demonstrates that prosecution in the originally charged district would "result in a substantial balance of inconvenience" to the defendant. *United States v. Ferguson*, 432 F. Supp. 2d 559, 560 (E.D. Va. 2006). The Fourth Circuit has held that in considering whether to transfer a criminal case for the convenience of the parties, a court should look to the following factors: "(1) location of the defendant; (2) location of the witnesses; (3) location of events likely to be in issue; (4) location of documents and records; (5) disruption of the defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of the trial; (9) docket conditions in each district; and (10) any other specific element which might affect the transfer." *Heaps*, 39 F.3d at 483 (citing and upholding the use of factors from *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240,

5

243-44 (1964)).

## III. Analysis

The Court will first address Defendant's Motion to Suppress before turning to Defendant's Motion to Dismiss Due to Improper Venue and finally addressing Defendant's arguments in favor of transferring the case to the Southern District of California.

### A. Defendant's Motion to Suppress Alleged Co-Conspirator Testimony

In her Motion to Suppress Hearsay Declarations by Alleged Co-conspirators, Defendant requests a pretrial hearing "to determine whether there is substantial evidence of the conspiracy alleged in the indictment independent of hearsay." (Def.'s Mot. to Supp. at 1.) Defendant points to the Fifth Circuit's practice, established in *United States v. James*, 590 F.2d 575, 581 (5th Cir. 1979), of holding a pretrial hearing in which the government must show both the existence of the conspiracy and the involvement of the defendant prior to the introduction of any co-conspirator testimony under Rule 801(d)(2)(E). However, the Fourth Circuit has flatly rejected "the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E)." *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1996)(citing *United States v.*

6

*Hines,* 717 F.2d 1481, 1488 (4th Cir. 1983)). In the Fourth Circuit, "[t]he district court safeguards the defendant's rights by being prepared to either declare a mistrial or to dismiss the case if the government fails to prove *aliunde* that a conspiracy existed." *Hines*, 717 F.2d at 1488. This policy is in accord with the Supreme Court's recognition in *Bourjaily* that "individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it," especially on complicated issues such as the existence of a conspiracy. 483 U.S. at 172. Conditionally admitting the alleged co-conspirator's statements subject to subsequent satisfaction of the requirements for their admission at trial also avoids a lengthy mini-trial on the existence of the conspiracy which would likely be nearly as lengthy as the trial itself. Therefore, in accordance with the settled law of the Fourth Circuit, the Court denies Defendant's Motion to Suppress Hearsay Declarations by Alleged Co-conspirators and will conditionally admit the statements of Defendant's alleged co-conspirators under Rule 801(d)(2)(E) subject to subsequent satisfaction of the requirements of that rule at trial.

      B.    <u>Defendant's Motion to Dismiss for Improper Venue</u>

      Defendant objects to the Eastern District of Virginia as an improper venue for this case on the grounds that the Defendant and her co-conspirators were themselves located in

7

California and Nevada during all of the overt acts alleged in the indictment. (Def.'s Mot to Dismiss at 5-6.) Defendant argues that because the Defendant and her co-conspirators were located in California and Nevada when they sent the fraudulent emails described in the indictment, the emails were not "*transmitted* in the Eastern District of Virginia." (*Id.* at 5. (emphasis added))

Defendant's argument fundamentally misunderstands the nature of wire fraud as a "continuing offense" and what it means to transmit a message. The Fourth Circuit has consistently held that wire fraud is a "continuing offense" as defined in 18 U.S.C. § 3237(a), and as such may be properly prosecuted in any jurisdiction where it was "begun, continued, or completed." 18 U.S.C. § 3237(a); *see United States v. Ebersole,* 411 F.3d 517, 527 (4th Cir. 2005); *United States v. Jefferson*, 674 F.3d 332, 369 (4th Cir. 2012); *United States v. Heijen*, 149 F. App'x 165, 168 (4th Cir. 2005). In wire fraud the essential conduct prohibited by 18 U.S.C. § 1343 is "the misuse of wires as well as any acts that cause such misuse." *Jefferson*, 674 F.3d at 366 (internal citation and quotation marks omitted). Although Defendant and her co-conspirators did not send any emails from the Eastern District of Virginia, the indictment clearly alleges that the emails forming the basis for the substantive wire fraud counts were sent through AOL's servers located in the Eastern

8

District of Virginia.  While the misuse of the wires alleged in the indictment was not begun or completed in the Eastern District of Virginia, it was continued in the Eastern District. It is irrelevant that the Defendant or her co-conspirators hit the send button from a computer in California or Nevada, the offense continued through transit via the servers in the Eastern District of Virginia to the eventual receipt of the emails in the end recipients' home states.[1]

Defendant argues that because the transmission of the emails through servers in the Eastern District of Virginia was not foreseeable at the time the emails were sent and the routing of the emails through the servers was a mere "ministerial act" by AOL, the transmission of the emails through AOL's servers is insufficient to support venue.  However, in the analogous circumstance of electronic transmission of fraudulent securities documents, the Fourth Circuit refused to "judicially engraft a mens rea requirement" of foreseeability onto a venue provision lacking one on its face. *United States v. Johnson*, 510 F.3d 521, 527 (4th Cir. 2007).  While *Johnson* dealt with the venue provisions of 15 U.S.C. § 78aa, the venue statute here, 18

---

[1] The Court notes briefly that the Indictment alleges a conspiracy in which the use of email communication was a natural and foreseeable act in furtherance of the scheme.  Accordingly the Defendant can be held criminally liable for those emails despite never having sent one herself. *See Pinkerton v. United States*, 328 U.S. 640, 647-48.

9

U.S.C. §3237(a) is similarly worded in providing for venue "in any district from, through, or into which such commerce. . . moves." This venue statute, like the one at issue in *Johnson*, is similar in nature to a jurisdictional element, and lacks any explicit knowledge or foreseeability prerequisite. Accordingly, the Court will follow the Fourth Circuit's lead and decline to engraft a foreseeability requirement onto the venue provisions of 18 U.S.C. § 3237(a). *See also Ebersole v. Unite States*, Nos. 1:03cr112 & 1:06cv869, 2007 WL 750198, at *6 (E.D. Va. Mar. 6, 2007)("The Fourth Circuit's ruling that wire fraud is a 'continuing offense,' as defined in 18 U.S.C. § 3237(a), effectively precludes an argument that foreseeability is a necessary element of the venue provision.") The Court therefore finds the allegations set forth in the indictment are legally sufficient to establish venue in the Eastern District of Virginia and denies Defendant's Motion to Dismiss Due to Improper Venue.

> C. Defendant's Request to Transfer the Case to the Southern District of California

Finally, Defendant argues that the Court should exercise its discretion and transfer this case to the Southern District of California pursuant to Rule 18 of the Federal Rules of Criminal Procedure. (Def.'s Mot. to Dismiss at 6-7.) Consideration of the *Platt* factors, however, shows that

10

Defendant has failed to carry her burden and demonstrate that prosecution in the originally charged district would "result in a substantial balance of inconvenience" to the defendant. *Ferguson*, 432 F. Supp. 2d at 560 (E.D. Va. 2006).

Defendant points out that she resides in the Southern District of California and that several of the witnesses she intends to call are located in the Southern District of California as well. (Def.'s Mot. to Dismiss at 7.) However, the location of the defendant is only one of the ten *Platt* factors which should be considered in determining whether or not to transfer venue, and the defendant's location alone is not dispositive. Defendant has "no right to be tried in [her] home district." *United States v. Offill*, No. 1:09cr134, 2009 WL 1649777, at *8 (E.D. Va. June 10, 2009). Location of witnesses is another *Platt* factor, but, despite Defendant's assertions, it is not clear that it weighs in favor of transferring this case to the Southern District of California. While both the Defendant and the government plan on calling some witnesses located in the Southern District of California, the government correctly notes that other witnesses, including the lead case agent and all other witnesses testifying from the agency that led the investigation in this case, are located in or near the Eastern District of Virginia. (Gov.'s Opp. to Def.'s Mot. to Dismiss [Dkt. 186] at 9.) Additionally, several of Defendant's

alleged co-conspirators who have already pled guilty are currently incarcerated in this District awaiting sentencing and may be called to testify at Defendant's trial. (*Id.*) The Government also anticipates calling a witness from AOL who is located in this district. (*Id.*) The location of witnesses in this case therefore does not weigh strongly in favor of or against the transfer of this case to the Southern District of California.

   The Defendant has made no showing that any of the other eight *Platt* factors weigh in favor of transfer. Several of them weigh heavily against transfer. The government has amassed voluminous records relating to this case in this district, Defendant's court appointed counsel and the government's attorneys are both located in this area, Defendant has conceded that docket conditions in this District are typically swift and efficient, and a date has already been set for trial in this District. Additionally, this Court is extremely accessible, being located only five miles from Washington Reagan National Airport and easily reachable by public transportation to and from that airport. *See Ferguson*, 432 F. Supp. 2d at 568. On balance, the *Platt* factors weigh against transferring the case. Accordingly, the Court denies Plaintiff's motion to transfer the case to the Southern District of California.

## IV. Conclusion

For the foregoing reasons, the Court denies the Defendant's Motion to Suppress Hearsay Declarations by Alleged Co-conspirators and denies the Defendant's Motion to Dismiss the Case Due to Improper Venue.

An appropriate Order shall issue.

|  | /s/ |
|---|---|
| April 19, 2016<br>Alexandria, Virginia | James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |