IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
UNITED STATES OF AMERICA,      )
                               )
          v.                   )      1:15cr301 (JCC)
                               )
JEN SEKO,                      )
                               )
     Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

       This matter comes before the Court on Defendant Jen Seko's ("Defendant") Amended Motion for Clarification of Discovery and Withdrawal of Certain Components of the Original Motion [Dkt. 372]. In this motion, Defendant withdraws her previous request for a more particularized discovery log, agrees to provide an exhibit list to the Government fourteen (14) days before trial in exchange for the Government's exhibit list on the same date, and requests that Ms. Seko be permitted to retain copies of certain interview reports. (Def. Mot., ¶ 1.) For the following reasons, the Court will deny as moot Defendant's motion for a more particularized discovery log. The Court will grant the parties' request to exchange exhibit lists fourteen (14) days prior to trial. Finally, the Court will deny Defendant's motion to retain copies of non-victim, substantive witness interview reports.

## I. Background

Jen Seko is charged along with four other co-defendants with one count of conspiracy to commit mail fraud and wire fraud, five substantive counts of wire fraud, and five substantive counts of mail fraud. [Dkt. 254.] These charges arise out of an alleged nationwide "mortgage modification" fraud scheme that targeted homeowners. Ms. Seko in particular is charged with producing and sending mass mailings to homeowners at risk of foreclosure through her company, Seko Direct Marketing. [Dkt. 254, ¶ 2.] Trial is scheduled to begin on February 13, 2017.

Defendant filed her original motion for clarification of discovery, a request for exhibit list production 45 days before trial, and a request for clarification of the discovery order on October 3, 2016. [Dkt. 364.] The Government filed its opposition on October 14, 2016. [Dkt. 369.] Defendant then amended her motion on October 27, 2016. [Dkt. 352.] Her current amended motion objects to a provision in the discovery order that prohibits counsel from providing Ms. Seko with an actual copy of witness statements. [*See* Dkt. 352, ¶ IV.] Oral argument was waived on December 15, 2016. Defendant's amended motion is now ripe for disposition.

## II. Standard of Review

Federal Rule of Criminal Procedure 16 states that "the government must provide to the defendant" a list of items prior to trial, including: (1) defendant's oral statements; (2) defendant's written or recorded statements; (3) defendant's prior criminal record; (4) any documents or objects that may be material to the defense, may be used in the Government's case-in-chief, or may belong to the defendant; (5) the results of any examinations and tests that the Government has in its possession or knows exist and that may be material to the defense; and (6) a written summary of potential testimony from expert witnesses. *See* Fed. R. Crim. P. 16(a)(1)(A)-(G).  It also makes clear that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id.* 16(d)(1).  However, "[t]he rule does not mention and is not intended to apply to the discovery of statements made by co-conspirators.  Such statements are more properly governed by the Jencks Act, 18 U.S.C. § 3500." *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir. 1987) (en banc).

The *Jencks* Act requires the production of the Government's witnesses' statements after each witness has testified at trial.  *See* 18 U.S.C. § 3500(a) ("[N]o statement or report . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct

examination in the trial of the case."). This prohibition is meant to ensure witness safety, including witnesses who are alleged co-conspirators. *United States v. Beckford*, 962 F. Supp. 780, 787 (E.D. Va. 1997) (citing *Roberts*, 811 F.2d at 259). Thus, "a district court may not order the disclosure of *Jencks* material earlier than provided by statute." *Id.*

### III. Analysis

Defendant's counsel argues that preventing him from providing copies of certain discovery materials to Ms. Seko creates a bar to his ability to provide effective assistance to her, as she will be unable to assist in her own defense. (Def. Mot., ¶ 31.) Moreover, Defendant claims that such a prohibition violates the express language of Federal Rule of Criminal Procedure 16, which states that the defendant is entitled to discovery, not the defendant's counsel. (*Id.*, ¶ 43.) Defendant's counsel is also worried that "the incredible scope of discovery" combined with the requirement that he read documents to his client, or sequester her so that she may read them, "is an insurmountable problem" to being properly prepared for trial. (Def. Mot., ¶ 37.) Finally, Defendant is concerned that the Government has failed to specify which, if any, documents, recordings, or other files are subject to the discovery order's restriction. (*Id.*, ¶ 35.) Without such

identification, Defendant's counsel worries that he may unwittingly violate this Court's discovery order. (*Id.*, ¶ 34.)

The Government argues that Part IV of the discovery order allows Defendant's counsel to disclose the contents of *Jencks* Act and *Giglio* materials to her, so long as he does not provide her with copies. (Gov. Mem. in Opp. at 21.) The Government claims that this is a standard provision in the Eastern District of Virginia, having been "routinely ordered in hundreds of cases." (*Id.* at 22.) Furthermore, the Government argues that the restriction clearly applies only to *Jencks/Giglio* materials (*i.e.*, interview reports) associated with the Government's witnesses for its case-in-chief. (*Id.*) The Government has identified these reports as "interview summaries" in the discovery index, and has offered to answer any specific questions that Defendant's counsel may have about a particular document. (*Id.*)

In her amended motion, Defendant clarifies that she is not seeking the interview reports of any victims. (Def. Repl., ¶ 16.) Rather, she is only seeking to retain copies of interview reports provided by non-victim, substantive witnesses. (*Id.*, ¶ 18.) She appears to be particularly interested in the interview reports of her alleged co-conspirators. (*Id.*, ¶ 17.)

Given that Defendant must review the interview reports of, at most, nine co-conspirators without being able to retain

copies herself, the Court finds Defendant's arguments unpersuasive.  Accordingly, this Court denies Defendant's request to permit Ms. Seko to retain copies of the interview reports of certain non-victim, substantive witnesses.  It also denies as moot Defendant's request for a more particularized discovery log.  Finally, the Court grants the parties' request to exchange exhibit lists fourteen (14) days before trial.

      An appropriate order shall issue.

|  |  |
|---|---|
| December 20, 2016 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |