IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:15cr301 (JCC) |
| | ) | |
| JEN SEKO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Jen Seko's ("Defendant" or "Seko") Renewed Third Motion *in Limine*. [Dkt. 491.] Defendant's Fourth Motion *in Limine* [Dkt. 470] and Fifth Motion *in Limine* [Dkt. 513] are also before the Court.[1] Having been fully briefed and argued, these matters are now ripe for disposition.

For the following reasons, the Court will deny Defendant's renewed motion *in limine* to exclude testimony from government agents regarding an alleged caution they gave her in April 2013 about Mr. Araya. The Court will also deny Defendant's motion *in limine* to exclude her tax returns. Finally, the Court will grant her motion *in limine* to preclude the Government from asserting she was uncooperative with law enforcement agents.

---

[1] Defendant Seko's Motion to Adopt Araya's Motion *in Limine* on Untimely Rule 16 and Exhibits [Dkt. 511] will be addressed in a separate Memorandum Opinion and Order.

1

## I. Standard of Review

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41. Such evidentiary rulings "are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *see also United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). "[The Court of Appeals] will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" *Id*. (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

As a general matter, all relevant evidence is admissible unless there are constitutional, statutory, or rule-based exceptions preventing its admission. *See* Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. What

constitutes "relevant evidence" depends on the facts of the case, the nature of the claims, and the associated defenses to those claims.

One example of a rule-based exclusion to the admission of relevant evidence is Rule 403 of the Federal Rules of Evidence. This Rule states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In addition, the Rules also contemplate the exclusion of evidence of "'other crimes, wrongs, or acts' solely to prove a defendant's character." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Rule 404(b)). At the same time, however, Rule 404(b) recognizes that this same evidence "may 'be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id.* In order for proffered evidence to be admissible, the evidence: (1) "must be . . . relevant to an issue other than character," such as motive, intent, or knowledge, *United States v. Siegel*, 536 F.3d 306, 317-18 (4th Cir. 2008) (internal quotation marks omitted); (2) "must be necessary to prove an element of the crime charged,"

*United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997), or to prove context, *see id.* at 998; and (3) "must be reliable," *id.* at 995. Finally, the evidence must not otherwise be subject to exclusion under Rule 403. *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010).

## II. Analysis

A. <u>Seko's Renewed Third Motion *in Limine* to Exclude Testimony Regarding Guilt of Alleged Co-Conspirators</u>

Defendant argues that the Court should reconsider its prior Order denying her third motion *in limine* to exclude hearsay testimony from government agents. Def. Mot. [Dkt. 491], ¶¶ 1-2, 6. The disputed testimony involves a conversation between postal inspectors and Defendant on April 1, 2013, in which the inspectors allegedly cautioned Defendant against further participation in the processing and mailing of solicitation mailers for Mr. Araya's company. *Id.*, ¶ 1. Defendant claims that the Government's true purpose for introducing this evidence is not, as it previously asserted, to prove its effect on the listener, but rather to establish Defendant's guilt by showing that she knew Mr. Araya was defrauding homeowners. *Id.*, ¶ 17. Defendant's main point of contention with this evidence appears to be that the Government seeks to use it show that she had knowledge of the existence of a conspiracy. *Id.* at 8-9.

4

The Government argues that it does not seek to offer the postal inspectors' statements to Defendant Seko for the truth of the matters asserted therein, or as opinion testimony by the postal inspectors themselves as to the question of Defendant's ultimate guilt. Gov. Mem. in Opp. [Dkt. 505] at 2. Rather, the Government plans to introduce these statements to show the effect they had on Defendant as the listener, as well as to establish her "actual knowledge, or at the very least her deliberate ignorance," that she was working with individuals involved in criminal activity. *Id.* at 2-3. The Government points out that such evidence is, by definition, not hearsay. *Id.* at 3. To ensure that the jury does not substitute the postal inspectors' assessment of the situation for their own reasoned judgment of the evidence, however, the Government supports an appropriate limiting instruction. *Id.* at 2.

Federal Rule of Evidence 801 defines hearsay as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c)(2). There is an absolute bar on the admission of hearsay unless an exception or exclusion applies. *See* Fed. R. Evid. 802. As pointed out by the Government, however, certain statements do not qualify as hearsay. For example, it is well established that statements offered to prove the effect of the statement on the listener, as well as statements offered to prove a person's

5

state of mind, are not hearsay and are, therefore, admissible. *See United States v. Martin*, 2016 WL 4928669, at *5 (4th Cir. Sept. 16, 2016); *United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981). Accordingly, the Court denies Defendant's renewed motion *in limine*. It will include an appropriate limiting instruction for the jury.

B. Seko's Fourth Motion *in Limine* to Exclude her Tax Returns

Defendant argues that the Government should be prevented from putting on any evidence concerning her tax returns, including any allegation that she failed to file certain returns, because such evidence is not relevant. Def. Mot. at 1. In support of this motion, Defendant points out that she had no reason to file tax returns due to her "very modest income." *Id.*, ¶ 4. Defendant also asserts that she did not owe taxes during the years in question. *Id.*, ¶ 6.

The Government responds to Defendant's motion by asserting that such evidence is not only relevant, but also not unfairly prejudicial under Rule 403 as well as admissible under Rule 404(b) to prove Defendant's motive or intent. Gov. Mem. in Opp. [Dkt. 486] at 1. To begin, the Government explains that it expects to offer evidence and testimony at trial to establish that Defendant "was paid significant sums of money—often thousands of dollars on a weekly basis—in exchange for her participation in th[e] mortgage modification scam during the tax

years 2012 through 2014." *Id.* at 2. The Government asserts, and Defendant admits, that she failed to file any tax returns during this time. *Id.* at 4; Def. Mot., ¶¶ 5-6. This failure, according to the Government, "is powerful evidence that she attempted to conceal the earnings that she derived from her participation in the criminal enterprise." Gov. Mem. in Opp. at 5. Moreover, such concealment "is probative of [her] intent and consciousness of guilt," making it relevant under Rule 401. *Id.*

In addition, the Government argues that Defendant's tax returns are not excludable under Rule 403. The Government claims that the only prejudice that would result from introducing this evidence is that it tends to prove Defendant's guilt. Gov. Mem. in Opp. at 6. According to the Government, however, that kind of prejudice is not recognized as "unfairly prejudicial" under Rule 403 by the Fourth Circuit. *Id.* Moreover, the Government points out that any prejudice that might result from the introduction of Defendant's tax returns could be cured by a proper limiting instruction. *Id.* at 7.

Finally, the Government claims that Defendant's tax returns are admissible under Rule 404(b) because the returns are "plainly reliable," not being offered to prove her criminal character, and instead being offered to prove her state of mind. Gov. Mem. in Opp. at 7-8. Consequently, the Government asks this Court to deny Defendant's motion.

7

Defendant's reply brief focuses primarily on the sufficiency of the Government's evidence to support its theory that her failure to file tax returns somehow demonstrates concealment of the alleged fraud crime. Def. Repl. [Dkt. 507] at 5-10. In support of this argument, Defendant provides additional detail to explain why her financial status made her unable to file. *Id.* at 10-11. After making these arguments, Defendant devotes a small portion at the end of her reply brief to legal arguments regarding the Federal Rules of Evidence. She asserts that the Government has not attempted to explain why her failure to file tax returns qualifies as Rule 404(b) conduct and argues that the introduction of such evidence would be unfairly prejudicial under Rule 403. *Id.* at 11-12.

Here, the Court finds that Defendant Seko's tax returns are admissible. Her tax returns are relevant evidence under Rule 401. Because the returns are being offered to prove Defendant's state of mind, and not her propensity for committing criminal acts, the evidence is also admissible under Rule 404(b). *See Queen*, 132 F.3d at 995, 998. Finally, Seko's tax returns under Rule 403, while prejudicial, are not unfairly so. *See United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) ("The mere fact that the evidence will damage the defendant's case is not enough—the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the

probative value of the evidence.") (citation omitted) (emphasis in original). Accordingly, Defendant's motion to exclude her tax returns is denied. To ensure that the jury makes appropriate use of this evidence, however, the Court will provide a proper limiting instruction.

C. Seko's Fifth Motion *in Limine* to Preclude the Government from Asserting Seko was "Uncooperative" in Response to Grand Jury Subpoena

Defendant's final claim is that the Government should not be allowed to argue that she was uncooperative with law enforcement, particularly in response to a grand jury subpoena. Def. Mot. [Dkt. 513] at 1. The entirety of Defendant's motion discusses its many factual disputes with the Government. For example, Defendant asserts that she fully cooperated with the postal inspectors during two separate visits and that she produced documents in response to the grand jury subpoena. *Id.*, ¶¶ 1-4. Defendant also discusses emails exchanged between herself and a postal inspector after she produced the requested documents, presumably as evidence that she fully complied with the subpoena. *Id.*, ¶¶ 7-9.

The Government argues that Defendant's motion is, in essence, "a factual dispute that she is perfectly free to raise at trial." Gov. Mem. in Opp. [Dkt. 516] at 1. The Government points out that Defendant's motion provides no legal basis for excluding any of the Government's proposed testimony, evidence,

9

or argument, including failing to cite a single case or the Federal Rules of Evidence.  *Id.*

In the instant case, the Court finds that evidence of Defendant's lack of cooperation with the federal investigation, including the grand jury subpoena, is not admissible under Rule 403.  In reaching this decision, the Court is mindful of the fact that an individual's decision not to help the government *at all* in its investigations is, in fact, protected by the privilege against self-incrimination in the United States Constitution.  U.S. Const. amend. V.  To safeguard the exercise of this right, the Constitution further guarantees that no adverse inferences can be drawn from the privilege's use.  *See Griffin v. California*, 380 U.S. 609, 614-15 (1965) (finding that the Fifth and Fourteenth Amendments prevent comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt).  Although Defendant Seko's decision to assist the prosecution is different in kind from a decision to invoke her Fifth Amendment privilege, the Court nevertheless finds that allowing the Government to depict her as "uncooperative" to the jury would be unfairly prejudicial.  Such a depiction would encourage the jury to draw a negative inference about her guilt.  Accordingly, the Court grants Defendant's motion to preclude the Government from

asserting that she was uncooperative during the federal investigation.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's renewed motion *in limine* to exclude testimony from government agents regarding an alleged caution they gave her in April 2013 about Mr. Araya. The Court will also deny Defendant's motion *in limine* to exclude her tax returns. Finally, the Court will grant her motion *in limine* to preclude the Government from asserting she was uncooperative with law enforcement agents.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 10, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |